IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

APRIL BAILEY

       Plaintiff,

v.

GEORGIA DEPARTMENT OF
LABOR,

       Defendant.

CIVIL ACTION NO.
1:15-CV-0106-TWT-LTW

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, acting pro se, seeks leave to file this civil action *in forma pauperis*, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). (Docket Entry [1]). The affidavit of poverty indicates that Plaintiff is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's request to proceed *in forma pauperis* **IS HEREBY GRANTED**. Therefore, this action shall proceed as any other civil action, and Plaintiff shall be allowed to proceed without prepayment of a filing fee.

Because Plaintiff is proceeding without paying filing fees, however, the Court shall consider the frivolity of her Complaint pursuant to 25 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides that a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may

be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is required to contain "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to state a claim to relief that is plausible, a plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993), cert. denied, 510 U.S. 893 (1993); accord, Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that a claim is frivolous "where it lacks an arguable basis either in law or in fact").

In this case, Plaintiff asserts causes of action under  Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, et seq., and 42 U.S.C. § 1981 ("Section 1981").[1]  In her Complaint, Plaintiff, an African-American, asserts claims against Defendant based upon (1) alleged racial discrimination arising from (a) a racially hostile work environment resulting from a series of incidents occurring prior to December 2010 (Compl, ¶¶ 15-33); (b) the failure to promote her in October 2010, when a less qualified Caucasian applicant was promoted, and the failure to transfer her between August 2010

---

[1] Plaintiff purports to assert claims under the 28 U.S.C. § 1658 and the Civil Rights Act of 1991.  The former, however, is merely a procedural statute codifying a four-year default statute of limitations for some claims arising under federal law, including certain Section 1981 claims, and the latter simply amends Section 1981 and Title VII.

2

and October 2010 (Compl., ¶¶ 34-39); (c) providing her inferior training and subjecting her to harsher discipline than similarly situated Caucasian co-workers between April and August 2010 (Compl., ¶¶ 40-49); and (d) terminating her on January 18, 2011, without affording her the same opportunities to address work issues that were afforded similarly situated Caucasian co-workers (Compl., ¶¶ 60-71); and (2) alleged retaliation for complaining about the instances described above (Compl., ¶¶ 50-59).[2]

Plaintiff's Title VII claims fail to state a claim for relief because she has made no allegations suggesting that she exhausted her administrative remedies with regard to any claim under that statute.  Pursuant to Title VII, a plaintiff must exhaust her administrative remedies before filing a private civil action.  Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (internal citations omitted).  These include certain statutory prerequisites such as timely filing an charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Pijnenburg v. W. Ga. Health Sys., Inc., 255 F.3d 1304, 1305 (11th Cir. 2001), reh'g denied, 273 F.3d 1117 (11th Cir. 2001).  "[I]f a plaintiff fails to file an EEOC charge before the 180-day limitations period expires, the plaintiff's subsequent lawsuit is barred and must be

_____

[2] Plaintiff filed a similar lawsuit in 2012, which was dismissed without prejudice.  Bailey v. Ga. Dept. Of Labor, 1:12-CV-2880-RLV.  In that case, Plaintiff asserted claims only under Title VII.  Plaintiff did not assert any claims under Section 1981.

3

dismissed for failure to exhaust administrative remedies." Stewart v. Booker T. Washington Ins., 232 F.3d 844, 850 (11th Cir. 2000) (holding that because the employee waited more than 180 days after the decision to transfer her, the employee's sex and race discrimination claims in connection with her transfer were untimely); Thomas v. Ala. Council on Human Relations, Inc., 248 F. Supp. 2d 1105, 1114-16 (M.D. Ala. 2003) (citing Brewer v. Ala., 111 F. Supp. 2d 1197, 1204 (M.D. Ala. 2000)).  Here, Plaintiff failed to allege or suggest that she exhausted her administrative remedies with regard to her claims under Title VII.

Moreover, to the extent that Plaintiff seeks to rely upon the EEOC Charge and the Notice of Right-to-Sue letter filed in a prior lawsuit related to her employment with Defendant (see Bailey v. Ga. Dept. of Labor, 1:12-CV-2880-RLV, Docket Entry [5-1], pp. 7-8), Plaintiff's claims are still subject to dismissal.[3]  Title VII requires that a plaintiff file her complaint within 90 days of her receipt of a Notice of Right-to-Sue letter from the EEOC, and Plaintiff has failed to do so.  42 U.S.C. § 2000e-5(f)(1); see also Stallworth v. Wells Fargo Armored Servs. Corp., 936 F.2d 522, 524 (11th Cir. 1991). The Eleventh Circuit has explained that even if a prior lawsuit is initiated within Title VII's 90-day period and subsequently dismissed, the period is not preserved for

---

[3] Plaintiff's previously filed EEOC Charge was filed by the NAACP and simply alleged that "[b]lack employees at the [Georgia Department of Labor] have been subjected to different terms and conditions of employment . . . in violation of Title VII."  (Id., p. 7).  Plaintiff is not mentioned by name or otherwise identified.  (Id.). The EEOC was unable to conclude that any violations of Title VII occurred.  (Id., p. 8).

AO 72A
(Rev.8/82)

subsequent lawsuits.  <u>Miller v. Ga.</u>, 223 F. App'x 842, 845 (11th Cir. 2007); <u>see also</u> <u>Weldon v. Elec. Data Sys. Corp.</u>, 138 F. App'x 136, 138 (11th Cir. 2005) ("dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations") (citing <u>Bost v. Fed. Express Corp.</u>, 372 F.3d 1233, 1242 (11th Cir. 2004)).  Plaintiff has set forth no circumstances justifying the extraordinary remedy of equitable tolling of the period.  <u>Id.</u>  Therefore, Plaintiff's claims would still be subject to dismissal because she failed to meet Title VII's timely filing requirements.  Accordingly the Title VII claims asserted by Plaintiff should be **DISMISSED**.

With regard to Plaintiff's claims under Section 1981, some of Plaintiff's claims are barred by the applicable statute of limitations.  Section 1981 does not contain an express statute of limitations.  <u>See</u> 42 U.S.C. § 1981.  Before 1990, federal courts applied the most analogous state statute of limitations.  <u>Goodman v. Lukens Steel Co.</u>, 482 U.S. 656, 660 (1987) (partially superseded by enactment of 42 U.S.C. § 1658); <u>see also</u> <u>Moore v. Liberty Nat'l Life Ins. Co.</u>, 267 F.3d 1209, 1219 (11th Cir. 2001) (applying two-year statute of limitations to a Section 1981 claim).  Under 28 U.S.C. § 1658, however, a four-year statute of limitations is provided for claims arising under an act of Congress enacted after December 1, 1990, which does not itself include a statute of limitations.  28 U.S.C. § 1658; <u>see also</u> <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369, 383 (2004).  For causes of action existing before the 1990 enactment of Section 1658, the practice of borrowing the state statute of limitations still applies.  <u>See</u> 28 U.S.C. § 1658; <u>Jones</u>, 541 U.S. at 371.  Section 1981 was amended by the Civil Rights

5

Act of 1991.  If a plaintiff's claim against a defendant was made possible by the 1991 amendments, the cause of action is governed by Section 1658's four-year statute of limitations.  Jones, 541 U.S. at 382, see also Edwards v. Nat'l Vision Inc., 568 F. App'x 854, 860 (11th Cir. 2014).  If it was not, the cause of action is governed by a borrowed Georgia two-year statute of limitations.  Bryant v. Jones, 696 F. Supp. 2d 1313, 1322-22 (N.D. Ga. 2010).

In this case, it cannot be concluded on the basis of the Complaint that Plaintiff's claims were available prior to the Civil Rights Act of 1991; therefore a four-year limitations applies for the purposes of the present analysis.  Jones, 541 U.S. at 373 (hostile work environment, wrongful discharge, and refusal to transfer were not available under pre-1991 version of Section 1981); see also Nunez v. First Union Nat'l Bank of Fla., 996 F.2d 287, 289 (11th Cir. 1993) (denying summary judgment where dispute of material fact existed whether promotion claim was available prior to 1991 amendment).[4]

Plaintiff filed this action on January 13, 2015.  (Docket Entry [1-1]).  Plaintiff has alleged no extraordinary circumstances warranting tolling of the statute of limitations.  See e.g., Howard v. Intown Suites Mgmt., Inc., No. 1:04-CV-759-TWT, 2006 WL 739168, at *2 (N.D. Ga. Mar. 17, 2006) (in Section 1981 and Title VII discrimination

---

[4] The pursuit of Plaintiff's Title VII claims in her EEOC Charge does not serve to toll the statute of limitations for Section 1981 claims.  Johnson v. Railway Express Agency, 421 U.S. 454, 465-66 (1975); see also Landgraf v. USI Film Products, 511 U.S. 244, 249-51 (1994) (Johnson decision not affected by 1991 amendments to Section 1981).

AO 72A
(Rev.8/82)

cases, holding that to allow tolling, "courts usually require some affirmative misconduct, such as deliberate concealment" ) (quoting <u>Cabello v. Fernandez-Larios</u>, 402 F.3d 1148 (11th Cir. 2005)).  Therefore, unless the continuing violation doctrine applies, Plaintiff's claims prior to January 31, 2011, are time-barred by the four-year limitations period.

The continuing violation doctrine preserves otherwise time-barred acts that a Plaintiff was unaware of, if those time-barred acts have a substantial nexus to timely alleged acts such that, combined, they all "may be viewed as constituting a single violation, part of which falls within the limitations period." <u>Roberts v. Gadsden Mem'l Hosp.</u>, 835 F.2d 793, 800-01 (11th Cir. 1988); <u>Butler v. Matsushita Commc'n Indus. Corp.</u>, 203 F.R.D. 575, 583 (N.D. Ga. 2001) (citing <u>Robinson v. Caulkins Indiantown Citrus Co.</u>, 701 F.Supp. 208 (S.D. Fla. 1988)).  As the <u>Butler</u> Court explained:

> The continuing violation doctrine rests on the notion that "the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." <u>Hipp v. Liberty National Life Insurance Co.</u>, 252 F.3d 1208, 1222 (11th Cir. 2001) (quoting, <u>Alldread v. City of Grenada</u>, 988 F.2d 1425, 1432 (5th Cir. 1993)).  This does not mean that a plaintiff may use this doctrine to save his claim after knowingly allowing the statute of limitations to run. . . .
>
> In determining continuing violation, the Court asks, would this event or series of events "alert a reasonable person to act to assert his or her rights at the time of the violation." <u>Hipp</u>, 252 F.3d at 1222.  In other words, "whether the act was sufficiently permanent in nature to 'trigger an employee's awareness of and duty to assert his or her rights.'" <u>Watson v. Bally Manufacturing Corporation</u>, 844 F. Supp. 1533, 1535 (S.D. Fla.1993) (quoting <u>Berry v. Board of Supervisors of L.S.U.</u>, 783 F.2d 1270, 1273 (5th Cir. 1986)).

<u>Butler</u>, 203 F.R.D. at 583.  Discrete employment decisions – such as those decisions

relating to promotions, transfers, discipline, and instruction – do not constitute continuing violations.  Id.; see also Smith v. Alabama Dep't of Corr., 131 F. Supp. 2d 1318, 1321 (M.D. Ala. 2001).  Therefore, Plaintiff's Section 1981 claims based upon Defendant's alleged failure to promote and/or transfer her, subjecting her to harsher discipline, and failing to provide adequate instruction are time barred, as all the alleged acts took place with Plaintiff's knowledge prior to January 18, 2011, the cut-off date for limitations purposes.  Accordingly, those claims should be **DISMISSED**.

While the continuing violations doctrine can apply to hostile work environment claims and claims of racial harassment, Plaintiff does not allege any continuing actions or harassment that extended beyond December 2010, nor does Plaintiff suggest that she was unaware of any of the actions or conduct by Defendant that purports to form the basis of her claim; therefore, such claims are also time barred.  See Butler, 203 F.R.D. at 583; Smith, 131 F. Supp. 2d at 1321-22; Malone v. K-Mart Corp., 51 F. Supp. 2d 1287, 1309-10 (M.D. Ala. 1999).  As a result, Plaintiff's claim for hostile work environment should be **DISMISSED** as well.

This Court cannot conclude, however, that Plaintiff's remaining claims for discriminatory and retaliatory discharge under Section 1981 are time barred in light of the factual allegations presented by Plaintiff or that the substantive basis of those claims is entirely frivolous as asserted in Plaintiff's Complaint; therefore, this Court cannot find that the action itself is entirely frivolous or malicious.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Accordingly, this action should be allowed to proceed as any other

8

civil action as to Plaintiff's Section 1981 claims relating to Plaintiff's alleged termination of employment by Defendant.

For the reasons given above, the undersigned **RECOMMENDS** that all of Plaintiff's Title VII claims and all but Plaintiff's discriminatory and retaliatory discharge claims under Section 1981 be **DISMISSED**. If this recommendation is adopted by the District Court, the undersigned **ORDERS** that, pursuant to 28 U.S.C. § 1915A, this action shall be **ALLOWED TO PROCEED** as any other civil action.

Moreover, should the District Court adopt the above recommendation, the Clerk is **DIRECTED** to send Plaintiff the USM 285 form, summons, and initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and initial disclosures form and return these forms to the Clerk of Court within thirty (30) days from the entry date of the District Court Judge's Order adopting this Order and Report and Recommendation. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon the Clerk's receipt of Plaintiff's completed USM 285 form, summons, and initial disclosures form, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant. The service waiver package must include, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant for return of the waiver

9

form, one (1) copy of Plaintiff's Complaint, one (1) copy of the initial disclosures form, one (1) copy of this Order, and one (1) copy of any Order by the District Court upon the above recommendation.  The Clerk shall retain the USM 285 form and the summons.

Upon completion of the service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver of Service of Summons form and mail the service waiver package to Defendant.  Defendant has a duty to avoid unnecessary costs of serving the summons.  If Defendant fails to comply with the request for waiver of service, Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshals Service, a service package for Defendant.  The service package must include the USM 285 form, the summons, one (1) copy of Plaintiff's Complaint, one (1) copy of this Order, and one (1) copy of any Order by the District Court upon the above recommendation.  Upon receipt of the service package, the U.S. Marshals Service is **DIRECTED** to personally serve Defendant, if it has failed to waive service.  The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **REQUIRED** to **KEEP** the Court and Defendant advised of her current address at all times during the pendency of this action.  Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

AO 72A
(Rev.8/82)

**SO ORDERED and REPORTED AND RECOMMENDED**, this __24th__ day of April, 2015.

/s/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

APRIL BAILEY,

      Plaintiff,

v.

GEORGIA DEPARTMENT OF
LABOR,

      Defendant.

CIVIL ACTION NO.
1:15-CV-0106-TWT-LTW

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

      Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

      Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will

be limited to a plain error review.  <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983),
<u>cert. denied</u> 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections,
if any, to the district court after expiration of the above time period.

**SO ORDERED**, this ___24th___ day of April, 2015.


/s/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE