IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

APRIL BAILEY,
    Plaintiff pro se,
  v.

THE GEORGIA DEPARTMENT OF LABOR,

    Defendant.

CIVIL ACTION FILE

NO. 1:15-CV-106-TWT-WEJ

**ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Plaintiff pro se, April Bailey, alleges that her former employer, the Georgia Department of Labor ("GDOL"), discriminated against her on the basis of race and terminated her in retaliation for complaining of that treatment in violation of 42 U.S.C. § 1981. (Compare Compl. [3], with Rep. & Rec. of Apr. 24, 2015 [2], adopted by Order of May 27, 2015 [4] (permitting plaintiff's § 1981 claims alleging discriminatory and retaliatory discharge to proceed).)[1]  This matter is

---

[1] Because Ms. Bailey is proceeding in forma pauperis under 25 U.S.C. § 1915, the Court conducted a frivolity review of her claims and dismissed claims relating to events before § 1981's four-year statute of limitations and claims asserted under Title VII of the Civil Rights Act of 1964, as amended, for failure to exhaust administrative remedies. (See Rep. & Rec. of Apr. 24, 2015, adopted by Order of May 27, 2015.)

before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint in Lieu of Answer [9][2] and Plaintiff's Motion for Leave to File Plaintiff's First Amended Title 42 U.S.C. § 1981 Complaint [12].  For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss be **GRANTED** and that plaintiff's Motion to Amend be **DENIED**.

I.  **DISCUSSION**

Because an amended complaint supersedes and replaces the original complaint, the undersigned first addresses Ms. Bailey's Motion to Amend. Dresdner Bank AG v. M/V OLYMPIA VOYAGER, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (internal quotation marks and citation omitted).

Plaintiff seeks to amend the Complaint more than twenty-one days after defendant filed its Motion to Dismiss; thus, she must have the Court's permission to do so.  See Fed. R. Civ. P. 15(a)(1)-(2).  While the Court "should freely give leave [to amend] when justice so requires," id. 15(a)(2), the law of the Eleventh

---

[2] The undersigned **GRANTS** Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss [10], and accepts her response [11] to that Motion as timely.

2

Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile."  Hall v. United Ins. Co. of Am., 367 F.3d 1255 1262-63 (11th Cir. 2007).  Additionally, plaintiff is proceeding in forma pauperis; thus, any amendments to her claims are subject to frivolity review under 28 U.S.C. § 1915(e)(2)(B) (requiring Court to dismiss cases that, inter alia, are frivolous or fail to state a claim on which relief may be granted).

Plaintiff's pending claims allege race-based discriminatory and retaliatory discharge in violation of § 1981.[3]  (See Rep. & Rec. of Apr. 24, 2015, adopted by Order of May 27, 2015.)  Plaintiff seeks leave to amend the Complaint to allege those claims under both 42 U.S.C. § 1981 and 1983.[4]  (See Pl.'s Mot. Am. & Proposed Am. Compl. [12-1].)  "Plaintiff's Proposed First Amended Plaintiff's

---

[3] Section 1981 prohibits racial bias, inter alia, in the making and enforcing of contracts.  42 U.S.C. § 1981(a).

[4] Plaintiff presumably seeks to amend the Complaint to reference § 1983 specifically because § 1981 does not provide a direct cause of action.  See Butts v. Cty. of Volusia, 222 F.3d 891, 892-95 (11th Cir. 2000) (concluding that "§ 1983 contains the sole cause of action against state actors for violations of § 1981"); see also Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979) (explaining that "[§ 1983] is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes").

Title 42 U.S.C. § 1981 Complaint" alleges that the GDOL is a local government subject to suit under § 1983 for constitutional violations (Proposed Am. Compl. ¶ 27) and states the following three counts:  Count I—Race Discrimination, Count V—Retaliation (including allegations of a hostile work environment), and IV—Discriminatory Termination.  (Id. ¶¶ 17-49.)

The GDOL has raised the defense of sovereign immunity. (See generally Def.'s Br. Supp. Mot. Dismiss [9-1]; Def.'s Resp. Opp'n Mot. Am. [14].)  The Eleventh Amendment shields states and "arms of the state" from suit in federal court, absent a legitimate abrogation by Congress or waiver by the state being sued.  See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (citing Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 280 (1977)); Gamble v. Fla. Dep't of Health & Rehab. Servs., 779 F.2d 1509, 1511 (11th Cir. 1986).  This immunity applies to section 1983 actions.  See Powell v. Barrett, 496 F.3d 1288, 1304 (11th Cir. 2007).  The following four-factor test is applied to determine whether a state agency such as defendant is an arm of the state entitled to sovereign immunity:  "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." Manders, 338 F.3d at 1309.

4

The State of Georgia established the GDOL as an independent administrative agency and set forth a statutory scheme to guide its operations. See O.C.G.A. § 34-2-1 et seq. GDOL is operated by a Commissioner who is elected by state voters and whose duties and powers are set forth in the statute. See id. §§ 34-2-3, 34-2-6(a)(1). The GDOL receives both federal and state monies, including appropriations from the Georgia General Assembly for salaries. See id. § 34-2-4. Additionally, the State provides the GDOL with office space, furniture, stationary, books, periodicals, maps, instruments, and other necessary supplies. Id. § 34-2-5. Finally, as the Georgia Attorney General is representing the GDOL in this case, it appears the State would be responsible for any judgment against the entity.

Thus, all four factors weigh in favor of concluding that GDOL is an arm of the State. Tellingly, the Eleventh Circuit has found the Florida Department of Labor, which was established and charged with similar responsibilities by the State of Florida, to be a state agency entitled to sovereign immunity. See Fincher v. Fla. Dep't of Labor & Emp't Sec., 798 F.2d 1371, 1371-72 (11th Cir. 1986) (per curiam), cert. denied, 479 U.S. 1072 (1987). Therefore, the undersigned **REPORTS** that the GDOL is an arm of the State for purposes of Eleventh

Amendment immunity and Ms. Bailey's proposed amended complaint fails to state a claim on which relief may be granted.

Accordingly, the undersigned **RECOMMENDS** that plaintiff's Motion to Amend be **DENIED** as futile.  See Grant v. Countrywide Home Loans, Inc., No. 1:08-CV-1547-RWS, 2009 WL 1437566, at *8 (N.D. Ga. May 20, 2009) ("The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied.").  Likewise, for those same reasons, plaintiff's pending § 1981 discriminatory and retaliatory discharge claims also fail as a matter of law and the undersigned **RECOMMENDS** that defendant's Motion to Dismiss be **GRANTED**.

## II.    CONCLUSION

The undersigned **GRANTS** Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss [10].

Furthermore, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Complaint in Lieu of Answer [9] be **GRANTED** and that Plaintiff's Motion for Leave to File Plaintiff's First Amended Title 42 U.S.C. § 1981 Complaint [12] be **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 18th day of February, 2016.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE